21 F.3d 424
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Joseph E. SANCHEZ, Jr., Plaintiff-Appellant,
v.
McDONALD'S CORPORATION, a Delaware Corporation; Larry B.
Zimmerman; Glenn K. Kikuchi; Jack Greenberg;
Herbert Williams; Shelby Yastrow,
Defendants-Appellees.
 No. 93-1800.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1994.
Decided March 14, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-91-2135-K)
 David Judd Aronofsky, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellant.
 Stephen Howard Sachs, Wilmer, Cutler & Pickering, Washington, D.C., for appellees.
 Lawrence G. Meyer, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellant.
 Juanita A. Crowley, Karen L. Barr, Steven F. Cherry, Charles A. Mendels, Allison C. Giles, Wilmer, Cutler & Pickering, Washington, D.C., for appellees.
 AFFIRMED.
 Before HALL, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Joseph E. Sanchez, Jr., an Hispanic-American, appeals from the district court's order granting summary judgment to McDonald's Corporation (McDonald's), McDonald's Houston regional manager Larry Zimmerman, McDonald's Baltimore regional manager Glenn Kikuchi, and McDonald's officers, Jack Greenberg, Shelby Yastrow, and Herbert Williams. Finding no error, we affirm.
 
 
 2
 From June 1985 until November 1989, Sanchez was a McDonald's franchise operator in Houston, Texas. Effective December 1, 1989, Sanchez exchanged the Houston franchise he was operating for a franchise located in Baltimore, Maryland. The exchange was consummated through the execution of a series of documents. These documents contained among other things: (1) a release which released all claims against McDonald's and its employees as of the effective date of the release; (2) an integration clause providing that neither McDonald's nor anyone acting on behalf of McDonald's had made any representations or promises not contained in the agreement and that any such modifications must be in writing; (3) a clause stating that no future franchises were promised and that any such offer must be in writing; and (4) a clause stating that no representations as to future profitability were made. Sanchez operated the Baltimore franchise until September 1991 when he voluntarily left, having not paid McDonald's approximately $205,000 in back rent and other fees.
 
 
 3
 Sanchez filed suit on July 29, 1991, in the United States District Court for the District of Maryland against McDonald's, Zimmerman, and Kikuchi. Sanchez' suit alleged race discrimination in the franchise award, sale, and operations of McDonald's in both Houston and Baltimore as 42 U.S.C. Secs. 1981, 1982, and 1985(3) violations, and numerous state law claims that were based on among other things: (1) alleged promises made to Sanchez to induce him into entering into the franchise exchange; (2) the alleged intentional withholding of critical information necessary to make a reasoned decision as to whether to enter into the franchise exchange; and (3) alleged promises made to Sanchez after he relocated to Baltimore.
 
 
 4
 On August 14, 1992, the defendants filed an answer which included three common law breach of releases and contract counterclaims. On February 8, 1993, Sanchez filed a supplemental pleading against McDonald's officers, Greenberg, Yastrow, Williams, and Zimmerman, alleging their conspiracy with franchisee Julian Nabozny to intimidate and influence witness Arturo Torre's testimony in violation of 42 U.S.C. Sec. 1985(2). On February 19, 1993, the district court accepted for filing the supplemental pleading.
 
 
 5
 On March 8, 1993, the defendants moved for summary judgment on all of Sanchez' claims. The defendants also sought to dismiss Zimmerman on personal jurisdiction grounds. Sanchez filed a crossmotion to dismiss the breach of releases counterclaim. After two hearings, the district court granted summary judgment to McDonald's on all of Sanchez' claims and to Sanchez on McDonald's breach of releases counterclaim.* The district court also dismissed all claims against Zimmerman on personal jurisdiction grounds.
 
 
 6
 After carefully reviewing the decision of the district court, considering the briefs submitted by the parties and the record, and hearing oral argument, we believe that Sanchez' appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Sanchez v. McDonald's Corporation, CA-91-2135-K (D. Md. May 25, 1993).
 
 
 
 *
 The district court held McDonald's other counterclaims sub curia